MARSHALL SMART, ET AL. *v.* INDIANA YEARLY CONFERENCE OF WESLEYAN METHODIST CHURCH OF AMERICA.

[No. 270S16. Filed August 4, 1971.]

*John L. Fox,* of Indianapolis, for appellants.

*Hughes & Hughes,* of Indianapolis, for appellee.

GIVAN, J.—An ejectment action was brought by the appellee in the trial court. The appellee is a not-for-profit corporation organized under the laws of Indiana. The appellants are members of a group which seceded from the appellee conference and continued to occupy the church real estate in question.

The record contains copies of two warranty deeds. Parcel 1 was conveyed to the appellee conference by Morton Edward Mitchell and his wife, Ruth E. Mitchell by a deed dated July

31, 1965. Parcel 2 was conveyed to the appellee conference by John C. Wehmeier and his wife, Helen Jane Wehmeier by a deed dated October 19, 1965.

The appellants filed an answer in abatement to which the appellee conference demurred. This demurrer was sustained; then the appellee filed a motion for summary judgment on the issue of ejectment alone. The trial court granted the motion for summary judgment and the cause was continued as to damages. The finding and judgment of the trial court reads in pertinent part as follows:

"1. In the year 1967, The Wesleyan Methodist Church of America was an organized general church, consisting among other things of constituent and subordinate member congregations, all being integral parts of said general church, and all being located within the geographical bounds of a particular Annual Conference.

"2. On October 1, 1967, one of said local churches was the Salem Park Wesleyan Methodist Church, in Indianapolis, Marion County, Indiana, which local church was situated within the bounds of The Indiana Annual Conference of said organized general church, and which local church occupied the real estate described in plaintiff's complaint.

"3. Plaintiff corporation in 1967 constituted the incorporated Board of Trustees of said Annual Conference, and as of October 1, 1967, it held title, and now holds title, to the real estate so occupied by said local church, all in conformity with the provisions of § 60 and § 147 of the Discipline of said organized general church.

"4. That the duly elected board of trustees of said local church, pursuant to § 57 (6) of said Discipline had the right to supervise, control and maintain said property for the use and benefit of the ministry and members of said organized general church, and subject to its regulations as from time to time legislated.

"5. That on or about October 1, 1967, the membership of said local church duly severed its affiliation with said organized general church, and declared itself to be an independent congregation; that the defendants constitute the Board of Trustees of said independent congregation, and are occupying said real estate as such and not for the use and benefit of the ministry and members of said organized gen-

eral church, and have refused to surrender possession of the same to plaintiff upon due demand.

"6. That plaintiff owns the fee simple title to said real estate, and holds the same in trust for the use and benefit of the ministry and members of said organized general church, all in accordance with the provisions of the Discipline of said church.

"7. That possession of the same by the defendants is illegal and without right.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court as follows:

"1. That plaintiff is the owner of the fee simple title to the following described real estate, situated in Marion County, State of Indiana, to wit:

"PARCEL I

Part of the Northwest Quarter (¼) of Section 7, Township 15 North, Range 3 East, Marion County, Indiana, more particularly described as follows, to wit:

Beginning at a point 1320.55 feet East of the West line and 336.60 feet North of the South line of said Northwest Quarter (¼) Section; running thence West 215.73 feet to a point; thence South 205.0 feet to a point; thence East 215.73 feet to a point, thence North 205.0 feet to the point or place of beginning. Containing an area of 1.015 acres, more or less.

"ALSO

Part of the Northwest Quarter of Section 7, Township 15 North, Range 3 East, Marion County, Indiana, more particularly described as follows:

Beginning at a point, said point being 1320.55 feet east of the West line and 215.10 feet North of the South line of the said Northwest Quarter Section; running thence East and parallel to the South line of said Northwest Quarter Section 185.0 feet to a point; running thence South and parallel to the West line of said Northwest Quarter Section 96.50 feet to a point; running thence West and parallel to the South line of said Northwest Quarter Section 185.0 feet to a point; running thence North and parellel to the West line of said Northwest Quarter Section 96.50 feet to the point or place of beginning. Containing in all 0.409 acres, more or less.

said Parcel I being commonly known as The Salem Park Wesleyan Methodist Church at 502 South Fuller Drive, Indianapolis, Indiana.

## "PARCEL II

Lot 70 in Indianapolis Heights, Second Section, an Addition to the City of Indianapolis as per plat thereof, recorded in Plat Book 15, page 52, in the office of the Recorder of Marion County, Indiana.

said Parcel II being commonly known as 602 South Fuller Drive, Indianapolis, Indiana.

"2.   That plaintiff is entitled to the immediate possession of the above-described real estate.

"3.   That the defendants now hold said real estate without right and have unlawfully kept plaintiff out of possession since on or about the 17th day of October, 1967.

"4.   That plaintiff have and recover from the defendants the possession of said real estate.

"And this cause is now continued as to the issue of damages to plaintiff arising out of the unlawful possession of said real estate by the defendants."

It is appellants' position that the appellee conference paid nothing whatever for the real estate in question and that the appellee therefore relies solely on the discipline of the church to sustain its ownership of the land. Appellants thus reason that the judgment in favor of the appellee by the trial court was in violation of the principle of law laid down in *Presbyterian Church of the United States* v. *Mary Elizabeth Blue Hull Memorial Presbyterian Church* (1969), 393 U. S. 440, 89 S. Ct. 601, 21 L. Ed. 2d 658 and *Price* v. *Merryman* (1970), 147 Ind. App. 295, 259 N. E. 2d 883, 22 Ind. Dec. 62.

In reality it is the appellants who are relying on the discipline of the church in their attempt to establish an equitable ownership of the real estate in question. The appellee has demonstrated its ownership of the property, subject only to the possibility of an equitable trust established for the benefit of another. The appellants attempt to make their case of an equitable trust by turning to the discipline of the church. As pointed out in the *Presbyterian*

*Church* case, *supra,* and the *Merryman* case, *supra,* the civil courts will not pass upon matters of ecclesiastical discipline.

We would observe that Justice Harlan in his concurring opinion in the *Presbyterian Church* case correctly observes that civil courts can enforce conditional trusts if the fulfillment of the condition can be immediately ascertained without determining ecclesiastical questions.

In the case at bar when we examine the discipline in question, we find that there can be no resulting trust in favor of the appellants. Burns Ind. Stat., 1961 Repl., § 56-606 states:

"When a conveyance for a valuable consideration is made to one [1] person, and the consideration therefor paid by. another, no use or trust shall result in favor of the latter; but the title shall vest in the former. . . ."

Burns Ind. Stat., 1961 Repl., § 56-608 states three exceptions to the general rule: (1) where the alienee has taken the conveyance in his own name, without the consent of the person who paid the consideration; (2) where the alienee has purchased the land with another's money in violation of some trust; or (3) where the alienee in whom title shall vest, by agreement and without any fraudulent intent is to hold the land or some interest therein in trust for the party paying the consideration.

In the case at bar the appellee has taken the conveyance with the consent of the appellants who paid the consideration. There is no violation of any trust nor has the appellee agreed to hold the land for the appellants. The contrary is recited in the discipline at § 57 (6) where it is stated that the board of trustees of the local church (appellants herein) have the right to supervise, control and maintain the property for the use and benefit of the ministry and members of the organized general church (appellee herein).

It is, therefore, the decision of this Court that under the civil law of Indiana the appellee is the owner of the real

estate in question. We find nothing in the discipline of the church which would give rise to the existence of a trust in favor of appellants.

The trial court is in all things, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 713.